**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., and PREMIER CARD SOLUTIONS LLC, f/k/a UV COLOR INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVEL TAGS INC., <br><br> Defendant. | Civil Action File No.: 1:09-cv-1720-TWT <br><br> **DEFENDANT TRAVEL TAGS INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY, DISMISS, OR TRANSFER** |

## I.   INTRODUCTION

Plaintiffs UV Color Inc. and InComm ignore two fundamental principles governing forum disputes. First, they ignore that the first-filed Court should be allowed to determine in which forum substantially related lawsuits should be venued. Second, they ignore that courts have universally recognized that it is a bad idea for two federal courts to simultaneously manage substantially related cases given the inherent waste of judicial and litigant resources and the risk of inconsistent results associated with dual track litigation. For this reason, UV Color and InComm's request that this Court usurp the role of the first filed Minnesota Court and decide to dual track this case at the same time as the Minnesota Court

oversees the Minnesota case makes absolutely no sense and is contrary to the interests of justice.

## II.    FACTS

UV Color and InComm make no mention of the fact that one hour before they filed their opposing memorandum, the Minnesota federal district Court issued a detailed Pre-Trial Scheduling Order.  The Minnesota Court issued the Pre-Trial Scheduling Order on October 8, 2009, one day after a Rule 16 pre-trial scheduling conference held before United States Magistrate Judge Arthur Boylan.  Notably, the Minnesota Court proceeded with the scheduling conference despite the fact that UV Color had objected to the scheduling conference going forward at all given the pendency of its motion to dismiss the Minnesota Action.  The Minnesota Court also issued an Order for a Settlement Conference to be held on December 2, 2009. (Exs. 1 and 2 to Second Declaration of Alain M. Baudry ("Second Baudry Decl.")).  The Pre-trial Scheduling Order issued by the Minnesota Court sets forth a comprehensive discovery schedule as follows:

- **October 21, 2009** - Pre-trial disclosures required by Rule 26(a)(1) shall be completed.

- **December 15, 2009** - Travel Tags to produce its Claim Chart identifying which claims of which patents are being infringed and the basis for its contentions.  Deadline for serving motions to amend pleadings.

- **January 14, 2010** - UV Color's Claim Chart is due.

- **January 22, 2010** - UV Color serves a listing of all prior art on which it relies along with detailed explanation of what the prior art shows and how it invalidates the claims asserted by Travel Tags.

- **February 1, 2010** - Parties simultaneously exchange list of claims, terms, and phrases which they contend should be construed by the Court.

- **February 15, 2010** - Parties file joint claim construction statement with Court, including each party's proposed claim constructions and supporting materials, including identification of expert witnesses.

- **February 16, 2010** - Travel Tags serves its prior art statement responding to UV Color's prior art statement.

- **March 1, 2010** - Parties file Markman hearing briefs.

- **March 15, 2010** - Parties file Markman hearing rebuttal briefs.

- **May 3, 2010** - Deadline for UV Color to waive attorney-client privilege relating to willfulness.

- **June 1, 2010** - Parties identify experts who will provide report on issues as to which each party bears the burden of persuasion. Fact discovery ends.

- **July 1, 2010** - Parties exchange initial expert reports.

- **August 2, 2010** - Parties exchange rebuttal reports.

- **September 1, 2010** - Non-dispositive motion deadline.

- **October 1, 2010** - Dispositive motion deadline.

- **November 1, 2010** - Case is to be ready for jury trial.

Notably, during the pre-trial conference on October 7, 2009, Magistrate Judge Boylan indicated that he could not set a trial date without first speaking with Judge Tunheim. Consequently, although Judge Tunheim still has under advisement UV Color's motion to dismiss, the existence of that motion did not

deter Magistrate Boylan from moving forward with a comprehensive case management plan and setting a trial date after he consulted Judge Tunheim.

The Minnesota Court's Pre-Scheduling Order will require an intensive resource commitment from both parties and underscores why it is appropriate for this Court to stay or dismiss this action. It simply makes no sense for the parties to be simultaneously litigating before this Court the very same issues that they will be vigorously litigating before the Minnesota Court. Indeed, the Pre-trial Scheduling Order expressly limits the parties to 50 Interrogatories and thirteen depositions per side. Allowing UV Color and InComm to sidestep these limits by engaging in extensive discovery in this case makes no sense and would serve only to exacerbate the significant costs associated with completing discovery in the Minnesota Action.

### III.    ARGUMENT

#### A.    The Georgia Action Should Be Stayed, Dismissed, or Transferred Under the First-Filed Rule.

This Court has repeatedly applied the first-filed rule so as to give preference to the first-filed suit in order to maximize judicial economy and minimize the risk of inconsistent results. *See Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., Ltd.*, 244 F.R.D. 683, 686 (N.D. Ga. 2007); *Tiber Labs., LLC v. Cypress Pharms.*, No. 2:07-CV-0014-RWS, 2007 WL 3216625, at *2 (N.D. Ga. May 11,

2007); *Marshall v. Ballard Med. Prods.*, No. 1:06-CV-1096-RLW, 2007 WL 647290, at *4 (N.D. Ga. Feb. 26, 2007). UV Color and InComm do not dispute this Court's consistent application of the rule, or that Travel Tags filed the Minnesota Action first. Instead, they erroneously argue that the first-filed rule should not be applied here for three separate reasons, none of which have merit.

### 1. The Minnesota Action and the Georgia Action Are Substantially Similar Lawsuits.

Citing case law from other jurisdictions, UV Color and InComm first contend that the first-filed rule does not apply because the two actions do not involve *identical* parties and issues. (Plaintiffs' Memo in Opposition at 13-14.) But there is no requirement in the case law that two cases must be exact mirror images, only that the cases be "similar," or have "overlapping" or "substantially duplicat[ive]" issues. *Tillotson*, 244 F.R.D. at 686 ("similar"); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("overlapping"); *Tiber*, 2007 WL 3216625, at *2 ("substantially duplicate" and "likelihood of substantial overlap"). Likewise, it is not even necessary that the parties be identical. *See, e.g., Tiber*, 2007 WL 3216625 (transferring second-filed patent infringement action to forum of first-filed declaratory judgment action despite fact that one of the two defendants in second-filed action was not a party to first-filed action).

Here, there can be no dispute that the Georgia and Minnesota Actions, involving the same patents, the same products, the same law firms and two out three of the same parties, are similar and involve overlapping or substantially duplicative issues. In both actions, juries will be asked to determine whether the products manufactured by UV Color infringe Travel Tags' four Klure patents, and whether those patents are valid and enforceable.[1] As a result, both this Court and the Minnesota Court will have to construe the exact same patent terms, review the same prior art, and hear the same technical evidence from the same witnesses, sponsored by the same lawyers. Thus, the Georgia and Minnesota actions are, for all intents and purposes, identical lawsuits.

Allowing this case to proceed in tandem with the Minnesota case would obviously result in duplication of judicial resources and create the risks of inconsistent results, the very problems the first-filed doctrine was designed to prevent. UV Color and InComm also suggest that this Court need not "blindly defer to the Minnesota Action simply because it was filed a few hours before this action." (Plaintiffs' Memo in Opposition at 14.) Travel Tags is not asking this

---

[1] Travel Tags has very recently discovered that UV Color is manufacturing products that infringe the fourth Klure patent (Patent No. 6,715,795 ('795 Patent). It will be amending its complaint in the Minnesota Action to include a claim for infringement of the '795 Patent. Consequently, both the Minnesota Action and this case involve the identical four patents.

Court to do anything blindly. A clear-eyed analysis of precedent from this Court shows that it has consistently acknowledged that the first-filed court, not the second-filed court, is the appropriate court to determine the proper forum for adjudication of subsequently filed cases involving similar issues. *See Tiber*, 2007 WL 3216625, at *2; *Faus Group Inc. v. Berry Floor N.V.*, No. 1:08-CV-315 (June 10, 2008) (Thrash, J.) (Declaration of Alain M. Baudry dated September 21, 2009, Ex. 1.)

Given that the first-filed Minnesota Court has already invested substantial time on this dispute to date, including hearing Travel Tags' motion for a preliminary injunction, UV Color's motion to dismiss or transfer, holding a pre-trial scheduling conference and issuing a detailed Pre-trial Scheduling Order and Order for a settlement conference, the comity owed to a first-filed court strongly weighs in favor of this Court staying or dismissing this case, and allowing the Minnesota Court to decide where the dispute should be litigated.

### 2. The "Customer Suit Exception" Does Not Apply So As To Give Preference For the Georgia Action.

Next, UV Color and InComm argue that this action should be given preference over the first-filed Minnesota Action under the "customer suit exception" to the first-filed rule. (Plaintiffs' Memo in Opposition at 14-16.) This is the precise argument UV Color made to Judge Tunheim in support of its motion

7

to dismiss the Minnesota Action.  It is just as wrong in this Court as it is in the Minnesota case.  "[T]he 'customer suit exception' to [the first-filed] rule may be applied to give preference to the second suit when it is an action against the allegedly infringing product's manufacturer and the first suit is merely an action against that manufacturer's customer."  *Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., Ltd.*, 244 F.R.D. 683, 686 (N.D. Ga. 2007).  The exception "creates the rare occasion to forego the general preference for the first-filed case when the manufacturer's interest in adjudicating an infringement claim is greater than its customer's interest."  *Id*. at 687.

    The "customer-suit exception" does not apply here.  There is no question that UV Color, not InComm, is the manufacturer of the infringing products.  Hence, the Minnesota Action simply cannot be characterized as a suit against a customer, as opposed to a manufacturer.  InComm is UV Color's customer.  For first-filed purposes, the fact that InComm has input into the design of products or that it ultimately purchases the products from UV Color is of no consequence other than potentially giving rise to an indemnification claim against InComm by UV Color.  *See Tillotson*, 244 F.R.D. at 688-89 (concluding that supplier's interests were not as great as those of a manufacturer and therefore declining to grant supplier the preference given to the manufacturer's forum).

### 3. Travel Tags' Decision to File Suit in Minnesota Against Another Minnesota Company for Infringing Conduct Occurring in Minnesota Is Not Forum Shopping.

Finally, UV Color and InComm contend that this Court should not apply the first-filed rule because Travel Tags' conduct amounts to "forum shopping." (Plaintiffs' Memo in Opposition at 16-18.) This suggestion is completely nonsensical. Travel Tags, a Minnesota company, is the patent holder and the natural Plaintiff. Its decision to file suit in its home state against a major competitor, UV Color, also a Minnesota company, which manufactures infringing products in Minnesota simply cannot be characterized as forum shopping. Plaintiffs make much of the fact that Travel Tags chose not to assert claims against InComm. But Travel Tags was neither required to, nor desired to, sue its customer, InComm, even though InComm is clearly subject to suit in Minnesota. Its decision not to sue InComm hardly amounts to forum-shopping.

Travel Tags did not sue the wrong party. UV Color, not InComm, manufactures products that infringe on Travel Tags' patents in Minnesota. Travel Tags has a right to sue UV Color for such infringement in the District of Minnesota. Indeed, the venue statute applicable to patent actions, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where defendant resides, or where the defendant has

committed acts of infringement and has a regular and established place of business." Venue in Minnesota is clearly proper both because UV Color is a corporation that resides within Minnesota and because it has continuously infringed Travel Tags' patents and continues to commit acts of infringement there.

Conversely, it is Plaintiffs who have engaged in forum shopping by racing to the Atlanta courthouse to start this declaratory judgment case, after being advised that Travel Tags had commenced a first-filed case in Minnesota against UV Color. Not only are UV Color's claims in this case mandatory counterclaims in the first-filed Minnesota Action, but UV Color (a Minnesota resident) and InComm made a calculated decision to multiply the litigation by bringing a declaratory judgment action for the sole purpose of seeking tactical advantage. That is the essence of forum shopping.

**B.   The Balance of the Section 1404(a) Factors Also Favors Transfer.**

This Court may also appropriately decide to transfer this action to Minnesota under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice. This case is a poster-child for when a § 1404 transfer to a first-filed court is appropriate.

### 1. The Interest of Justice Alone Compels Transfer of the Georgia Action.

As noted in our initial brief, countless courts, including the United States Supreme Court and this Court, have recognized that it is not in the interests of justice to allow two lawsuits involving substantially the same parties and issues to proceed simultaneously in two different courts. *See* Travel Tags Inc.'s Memorandum of Law In Support of Motion to Stay, Dismiss or Transfer at pp. 18-19. All indications are that the Minnesota Court is moving forward with the Minnesota Action despite UV Color's attempts to have the case transferred. Given the Minnesota Court's consideration of Travel Tags' September 1, 2009 motion for a preliminary injunction, the Minnesota Court is of necessity becoming familiar with the patents in question, a factor that further weighs in favor of transfer. *See Haworth*, 821 F. Supp. at 1479 (noting that this Court may consider the transferee court's familiarity with the patents in question in deciding transfer); *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp.2d 731, 735-38 (E.D. Tex. 2005) (transferring patent infringement case to district where a similar action between the same parties and concerning the same technology was pending because transferee court already had invested substantial time and effort in learning about technical issues presented in the case).

Plaintiffs fail to acknowledge, let alone distinguish, the uniformly consistent case law that it is contrary to the interests of justice to have two federal courts overseeing the same dispute simultaneously. The result sought by Plaintiffs - dual track litigation in both this Court and Minnesota - is inherently wasteful, unnecessary and contrary to the interests of justice. This factor alone tips the scales in favor of transfer.

### 2. The Convenience of the Parties and Witnesses Also Favors Transfer.

UV Color and InComm do not dispute that Minnesota is a more convenient forum for both UV Color and Travel Tags. The fact that two of the three parties involved in this action have their principal place of business in Minnesota tilts the convenience factor in favor of Minnesota. Further, InComm's active participation in the Minnesota Action suggests that it has no real difficulty litigating in Minnesota. Indeed, just this week, InComm and its intellectual property holding affiliate, also an Atlanta corporation, commenced unrelated patent litigation against an Arizona corporation in the United States District Court for the Western District of Wisconsin. (Second Baudry Decl., Ex. 3). In that case, none of the parties is a Wisconsin resident. Clearly, voluntarily litigating a patent infringement case in the neighboring sate of Wisconsin does not inconvenience InComm. Accordingly, InComm's claim that it is "inconvenienced" by having to litigate its dispute with

Travel Tags in Minnesota rings hollow. Travel Tags has already agreed it will not object to InComm's intervention in the Minnesota Action.

UV Color and InComm's argument that transfer should be denied because "[m]ost of the key witnesses" reside in Georgia "outside the 100-mile subpoena power" of the Minnesota Court is similarly unpersuasive. (Plaintiffs' Memo in Opposition at 22.) In its papers, UV Color and InComm identify by name just three potential witnesses that live in Georgia. Notably, each of these witnesses has already voluntarily appeared in the Minnesota action, and would obviously testify voluntarily at the behest of InComm's own counsel. Conversely, Travel Tags has identified numerous potential witnesses by name or occupation for whom Minnesota is a more convenient forum. Accordingly, the convenience-of-witnesses factor also favors transferring the Georgia action to Minnesota.

### 3. UV Color and InComm's Choice of Venue Should Not Preclude Transfer.

Finally, Plaintiffs contend that because InComm is headquartered in Georgia, its decision to file suit in this district is entitled to "substantial deference." (Plaintiffs' Memo in Opposition at 20.) But this Court has explained that while a "plaintiff's choice of forum is entitled to deference, it is *not* a more important factor than the presence of related proceedings in the transferee district." *Martin*, 811 F. Supp. at 686 (emphasis added) (holding that plaintiff's choice of forum was

13

outweighed by the related proceedings in the transferee forum); *Mirasco, Inc. v. AM. Nat'l Fire Ins. Co.*, No. Civ. A. 1:00-CV-947ODE, 2000 WL 34440850, at *5 (N.D. Ga. July 5, 2000). Were the law otherwise, litigants would always do what UV Color and InComm have done here: start a second filed declaratory judgment in a home forum and assert that the second-filed venue could not be defeated because of the deference owed to the resident's choice of forum. The law, however, does not reward such a cynically transparent maneuver.

Accordingly, Plaintiffs' decision to venue this second-filed declaratory judgment action in Georgia should not be entitled to any deference and should not preclude transfer of this action to Minnesota.

## IV.  CONCLUSION

For all of the above reasons, Travel Tags respectfully requests that this action be completely stayed, and/or dismissed or transferred to the Minnesota Court where the first-filed case is pending.

Dated: October 20, 2009        **MASLON EDELMAN BORMAN & BRAND LLP**


By:   s/Alain M. Baudry
     Alain M. Baudry (MN ID #186685)
     *Admitted Pro Hac Vice*
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  612-672-8200
Facsimile:  612-672-8397
E-mail:  alain.baudry@maslon.com

**ATTORNEYS FOR PLAINTIFF
TRAVEL TAGS, INC.**

**MORRIS, MANNING & MARTIN, LLP**
Donald A. Loft (Georgia Bar No. 455706)
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326-1044

681942

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned counsel certify that the foregoing brief has been prepared in Times New Roman 14, one of the fonts and point sizes approved by this Court in Local Rule 5.1C.

**MASLON EDELMAN BORMAN & BRAND LLP**


By:   s/Alain M. Baudry
      Alain M. Baudry (MN ID #186685)
      *Admitted Pro Hac Vice*
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  612-672-8200
Facsimile:  612-672-8397
E-mail:     alain.baudry@maslon.com

**ATTORNEYS FOR PLAINTIFF
TRAVEL TAGS, INC.**